IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIE B. GULLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 08-0938-CV-W-ODS-P |
| ) | Crim. No. 07-0054-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION DENYING MOVANT'S REQUEST FOR POSTCONVICTION RELIEF ON REMAINING ISSUE

On April 28, 2009, the Court denied Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on all but one claim. See Doc. # 15. As to Movant's claim that he told his attorney he wanted her to file a notice of appeal following his sentencing but she did not carry out his directive, the Court concluded that there was a factual dispute that required a credibility determination. The Court appointed an attorney for Movant and a hearing was held on June 29, 2009 to resolve the issue.

Movant was sentenced on January 18, 2008. He had ten days, not including intervening weekends, to file his notice of appeal. Movant testified that at some point after his sentencing hearing, but before his time to file a notice of appeal had run, Movant decided he wanted to appeal his sentence. He stated that this decision occurred after he mailed his trial counsel, Lane Cardarella, two letters dated January 23, 2008, in which he did not ask her to file a notice of appeal. He testified that when he decided he wished to appeal, he attempted to contact Ms. Cardarella by phone at the Federal Public Defender Office but that there was some sort of block on the calls so he could not reach her. As evidence of the phone problem, Movant presented the call log from the Lafayette County Detention Center for the days following his sentencing. On January 23rd, 26th, and 27th, the log reflects no calls being connected to the Federal Public Defender Office. Movant asks the Court to conclude that it is so unlikely that no calls were made to that office by all the inmates at the detention center that there must

have been something wrong with the phones.

Movant also testified that he did not have enough money in his inmate account to pay the postage to write Ms. Cardarella a letter informing her of his desire to appeal. However, the commissary ledger Movant provided as evidence of this assertion shows that $60.00 was deposited into his account on January 29, 2008, when he still had time to file his notice of appeal.

Ms. Cardarella testified that she received two letters from Movant after his sentencing and that she may have spoken with him on the phone, although she cannot say for certain. The envelope the letters were sent in stated "this is not an appeal." The letters complained of the conditions at the Lafayette County Detention Center but did not say that Movant wished to appeal his sentence. She testified that at no time did Movant ask her to file a notice of appeal.

After considering the evidence presented at the hearing, the Court concludes Movant did not meet his burden of establishing his claim. The Court finds it is unlikely that Movant asked Ms. Cardarella to file a notice of appeal and that she failed to do so. Movant had ample opportunity during the ten days following his sentencing to get in contact with Ms. Cardarella, even if the phones were not working on some days. He also had a reasonable time after the ten days had run to ask Ms. Cardarella to request an extension of time to file a notice of appeal. Therefore, Movant's remaining claim of ineffective assistance of counsel must fail.

The Clerk of Court shall mail a copy of this Order to:

Willie B. Gulley, Jr.
Reg. No. 19723-045
Oxford Federal Corrections Institution
Inmate Mail/Parcels
P.O. Box 1000
Oxford, WI 53952

IT IS SO ORDERED

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 1, 2009                    UNITED STATES DISTRICT COURT

2